UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BEVERLY A. BARNES**                                    **CIVIL ACTION**

**VERSUS**                                                      **NO. 12-2491**

**JOHN M. MCHUGH, SECRETARY,**                  **SECTION "C"(4)**
**DEPARTMENT OF THE ARMY**

### ORDER AND REASONS

In its Motion to Continue Trial Date, defendant requests that trial in the above-captioned matter be reset 30 to 60 days from the current March 31, 2014 date, in light of the recent extensions to the discovery deadline and the briefing schedule for defendant's motion for summary judgment. Rec. Doc. 64. Plaintiff opposes, accusing the defendant of gamesmanship in its decisions to request and oppose continuances. Rec. Doc. 72. Whatever the defendant's motives for opposing plaintiff's past proposals for continuances, the Court cannot say that good cause is lacking for the continuance now sought.

On February 18, 2014, the Court extended the discovery deadline from February 11, 2014 to February 28, 2014, so that plaintiff could depose an additional 6 to 8 individuals. Rec. Doc. 58; Rec. Doc. 61. Of these depositions, Plaintiff admits that at least 4 may not take place before February 28, 2014. Although plaintiff is willing to forgo deposing Sara Villafane and Toni Kvacheim, that still leaves Marvin Osorio and Julie Delphin potentially being deposed on the week of March 3 or later. Defense counsel has not even established contact with Julie Delphin but has already determined that counsel herself "is not currently available to schedule additional depositions prior to February 28, 2014." Rec. Doc. 64-1 at 3. Therefore, it stands to reason that Julie Delphin's deposition will have to occur sometime after February 28.

Accordingly, contrary to plaintiff's argument, the Court does not find this motion to continue premature.

The current schedule would have the parties conducting depositions at the same time as they are preparing a pretrial order and opposing summary judgment or contemplating a reply to such an opposition. The schedule further places the submission date for defendant's motion for summary judgment only 15 hours before the pretrial conference in this matter, which is undesirable insofar as the disposition of the motion could affect the scope of triable issues or the need for trial at all in this matter. Under these circumstances, continuance of both the trial and pretrial conference is not only warranted but seemingly necessary.

Finally, plaintiff requests that any continuance of the trial date be accompanied by 60 days of additional written discovery and depositions, ostensibly for the purpose of perpetuating the testimony of Col. Gregory Willingham and Col. Joseph Wade, whose availability for a different date cannot be guaranteed. Rec. Doc. 72 at 6. The Court is not inclined to grant this request in this form, i.e., shoe-horned into an opposition to a motion to continue. Further, these circumstances do not establish good cause to reopen or enlarge written discovery, which the Court interprets as having concluded on February 11, 2014 according to the scheduling order. Rec. Doc. 36. Plaintiff has already deposed Col. Willingham. Rec. Doc. 64-1 at 2. The Court will consider the need for plaintiff to perpetuate the testimony of Col. Wade or any other witness rendered unavailable by this continuance on proper motion to reopen or extend discovery or to compel particular discovery, after defendant has had the opportunity to oppose.

The trial in this matter will be reset no later than 60 days from the current trial date of March 31, 2014. The pretrial conference will be reset to an appropriate amount of time before

the new trial date. Accordingly,

    IT IS ORDERED that defendant's Motion to Continue Trial is GRANTED. Rec. Doc. 64.

    New Orleans, Louisiana, this 25th day of February, 2014

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE