UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BEVERLY A. BARNES**                          **CIVIL ACTION**

**VERSUS**                                        **NO. 12-2491**

**JOHN M. MCHUGH, SECRETARY,**         **SECTION "C"(4)**
**DEPARTMENT OF THE ARMY**

### ORDER AND REASONS

Before the Court are plaintiff's Motion to Strike Exhibits (Rec. Doc. 53), plaintiff's Motion to File Amended Witness List (Rec. Doc. 54), and defendant's Motion for Leave to File United States' First Amended Witness List (Rec. Doc. 66). Considering the law, the record, and the submissions of the parties, the Court rules as follows.

1. IT IS ORDERED that plaintiff's Motion to Strike Exhibits is DENIED. Rec. Doc. 53. The motion points to the fact that defendant failed to identify two witnesses in written discovery whose declarations it relies on in summary judgment. Where a nonmoving party specifies in either a declaration or affidavit reasons for its inability to present the facts needed to oppose summary judgment, a court may entertain a range of options, which in theory include striking of summary judgment evidence. Fed. R. Civ. P. 56(d)(1)-(3). Plaintiff has failed to support her motion with an affidavit or declaration. While the Court recognizes the potential for undue prejudice from the facts alleged in plaintiff's Motion to Strike Exhibits, this potential could be meaningfully addressed with a remedy less drastic than striking the defendant's declarations. Plaintiff could simply depose the witnesses. Finally and most importantly, it does not appear that the declarations in question are central to an issue of fact which plaintiff is *required* to rebut in order to withstand summary judgment. Neither declaration has been argued by defendant to constitute insurmountable summary judgment proof showing the absence of a triable issue of fact. *See* Rec. Doc. 42-1.

2. Considering that the defendant has filed no objection and that the plaintiff has shown "good cause," *see* Fed. R. Civ. P. 16(b)(4), IT IS FURTHER ORDERED that plaintiff's Motion to File Amended Witness List is GRANTED. Rec. Doc. 54.

3. IT IS FURTHER ORDERED that defendant's Motion for Leave to File United States' First Amended Witness List is GRANTED. Rec. Doc. 66. While defendant seeks to amend its witness list in multiple respects, plaintiff only opposes defendant's attempt to add Donald Hames, one of plaintiff's former supervisors, as a "may call" witness. Rec. Doc. 72. In its original motion, defendant offers no explanation for its failure to include Hames sooner. Plaintiff's opposition draws the Court's attention to this fact. In its reply,[1] defendant insists that good cause exists for untimely amendment because plaintiff knew that Hames was her supervisor, because defendant identified Hames shortly before the original deposition deadline and because plaintiff has been given additional time to depose certain witnesses.

Whether construed as a request by defendant to amend the witness list or a request by plaintiff to impose sanctions for defendant's failure to comply with discovery rules, the question of whether defendant should be allowed to call Hames must be guided by consideration of four factors: (1) the importance of his testimony; (2) the prejudice to plaintiff of allowing him to testify; (3) the possibility of a cure; and (4) the explanation, if any, for defendant's failure to identify him. *Bradley*

---

[1] While the Court granted the defendant's leave to reply, it did so relying on defendant's mistaken recitation of the record. Defendant's motion for leave to reply states that its motion for leave to amend its witness list will be submitted on March 12, 2012. However, the March 12 submission date was eliminated when the Court granted defendant's motion to expedite hearing; in that order, the Court plainly stated "Plaintiff shall submit any opposition to this motion by Wednesday, February 26, 2014 at 4:30 PM, whereupon it shall be deemed submitted." Rec. Doc. 70. Further, a Court need not consider arguments, like defendant's, which have been raised for the first time in a reply brief, but do not respond to any "new" argument made in the opposition. The Court considers the arguments raised in defendant's reply because, in some sense by granting leave to file the reply, it has already indicated to the parties that it would do so. Similar consideration will not be granted in the future.

*v. United States*, 866 F.2d 120, 124-125 (5th Cir. 1989).

  Defendant points to no good reason for its failure to notify plaintiff of its intent to rely on Mr. Hames. Indeed, this failure appears to be yet another byproduct of the unsatisfactory manner in which defendant complied with its written discovery obligations. Nevertheless, as a direct supervisor that gave plaintiff a negative evaluation during the time period at issue in this case, the relevance of Mr. Hames' testimony cannot be easily dismissed or discounted. On the record before the Court, the primary prejudice that plaintiff will suffer as a result of defendant's late notice is the burden of having to conduct additional discovery before trial. This burden is somewhat lessened by the fact that the Court has already granted a continuance of the trial date in part to allow plaintiff to conduct additional discovery.[2] Any residual prejudice is apparently curable with an additional continuance. Plaintiff has identified no burden that would result from the granting of such a continuance. *See* Rec. Doc. 77. In light of the foregoing, the Court will not disallow Mr. Hames' testimony.

New Orleans, Louisiana, this 7th day of March, 2014

                     HELEN G. BERRIGAN
                     UNITED STATES DISTRICT JUDGE

---

[2] The Court appreciates that it was the defendant's late written disclosures which caused plaintiff to request additional depositions in the first place. *See* Rec. Doc. 58-1 at 1; Rec. Doc. 56-1 at 3-4. The Court regrets that its order has the unintended consequence of rewarding defendant for poor compliance with discovery obligations. Nevertheless, as the standard articulated above makes clear, the need for vigilance in the enforcement of such obligations must be balanced against the value for full and fair adjudication. In this particular case, the balance does not favor the striking of evidence.